# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | CR419-086 |
| STEPHEN LAMAR SPENCER, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On September 4, 2019, the Court held a hearing to consider whether defendant Stephen Lamar Spencer's bond was subject to revocation.  *See* doc. 39 (Minute Entry).  After that hearing, his bond was revoked and he was ordered detained.  Doc. 41.  However, the question of whether the bond would be forfeit was not resolved.  The surety, Catherine Spencer, has moved for a return of the bond. Doc. 78.  The Court **RECOMMENDS** that the bond be **FORFEITED**, but that the entire amount be **SET ASIDE** pursuant to Fed. R. Crim. P. 46(f)(2), and the bond should be **EXONERATED**.[1]

---

[1]  A magistrate judge's authority to declare a bond forfeited is unresolved in this Circuit. *See United States v. Balbuena*, 2009 WL 87413, at * 1 n. 1.  In an abundance of caution, therefore, disposition of the surety's motion is recommended for final disposition by the district judge.

Since the Court found that a condition of the bond was breached, forfeiture is mandatory. *See* Fed. R. Crim. P. 46(f)(1) ("The court must declare the bail forfeited if a condition of the bond is breached."). However, the Federal Rules also provide that the forfeiture may be set aside, in whole or in part, if "it appears that justice does not require bail forfeiture." Fed. R. Crim. P. 46(f)(2). The applicable provisions of the Federal Rules give district courts "virtually unbridled discretion" in remitting the forfeiture. *United States v. Diaz*, 811 F.2d 1412, 1415 (11th Cir. 1987); *see also United States v. Gonzalez*, 452 F. App'x 844, 845 (11th Cir. 2011). The factors considered include the willfulness of the breach; the amount of delay cause by the breach; the surety's participation in the breach; the cost, inconvenience, and prejudice cause by the breach; mitigation offered by the defendant; and whether the surety is a professional or a family member or friend. *See Diaz*, 452 F.2d at 1415; *United States v. Nguyen*, 279 F.3d 1112, 1115-16 (9th Cir. 2002).

The undersigned recommends that the forfeiture be set aside in this case. Spencer's breach was willful, and he refused to acknowledge it up to the very point that the Government would have presented evidence. However, the delay, cost, and inconvenience cause by the breach were *de*

*minimis*.  In fact, there was no prejudice at all.  Most compelling is the fact that the surety, who is not a professional, appears to have had no part in the breach.  Based on the surety's apparent innocence, the court should find that the forfeiture should be **SET ASIDE** in its entirety and the Bond should be **EXONERATED**.  Accordingly, the motion for return, doc. 78, should be **GRANTED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648

F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x

542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>18th</u> day of

March, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA